# LEMICK LAW, LTD.

TAYLOR LEMICK • ELLIOT HALSEY • STACEY LYNCH
2460 DUNDEE ROAD, SUITE 474 • NORTHBROOK, ILLINOIS 60065
847/409-3988 • TLEMICK@LEMICKLAW.COM • LEMICKLAW.COM

August 1, 2024

**SENT VIA EMAIL**

Louis Hayward and Deb Hayward
hayward141@sbcglobal.net

Re:   **Demand for Documentation and Immediate Cease
      and Desist of Intellectual Property Infringement**

Dear Mr. and Ms. Hayward,

This firm represents Polylast Systems LLC ("Polylast") regarding the ongoing unauthorized use and infringement of Polylast's intellectual property by your operations. This letter serves as a formal demand for the immediate provision of specific documents and information, as well as a directive to cease and desist any unauthorized use of Polylast's intellectual property.

It has come to our attention that Hayward Brothers has been utilizing Polylast's intellectual property without proper authorization or licensing agreements. Our client has been made aware of the use of its intellectual property in the manufacturing, production, marketing, and sale of Hayward Brothers products. Such actions are a direct infringement on Polylast's intellectual property rights. Unless and until agreements can be produced showing legitimate licensing of Polylast's intellectual property and corresponding payments in accordance with those agreements, your continued use constitutes willful infringement.

To address this matter, we demand the immediate provision of the following documents and information:

1. Operational Costs: Detailed records of all operational expenses at the Coleman facility, including utilities, maintenance, and overhead costs, as related to any operations involving Polylast products or intellectually protected materials.

2. Income from Sales: Complete records of all sales transactions, including pending, confirmed, and in-process sales, as related to any operations involving Polylast products or intellectually protected materials.



3. Payroll Information: Comprehensive payroll records for all employees, including permanent, contract, and temporary staff involved in Coleman operations, as related to any operations involving Polylast products or intellectually protected materials.

4. Contractual Agreements: Copies of all written agreements between Hayward Brothers and Polylast, including amendments and related documents.

5. Payments and Financial Transactions: Documentation of all payments made to third parties in relation to the dispute, including those made to Bob McKnight and yourself.

6. Purchases and Expenses: Records of all purchases made related to the dispute or using funds connected to the dispute, including machinery and equipment.

7. Machinery and Equipment: An inventory of all machinery and equipment related to the dispute or purchased using funds connected to the dispute, with assurance that such items are not sold, transferred, or otherwise disposed of until the dispute is resolved.

8. Revenue Agreement with Pete: Detailed documentation of any revenue agreements with Pete or Polylast.

9. Financial Records and Transactions: Documentation of all payments made to Pete or Polylast.

10. Intellectual Property: Documentation of any and all use, sale, correspondence, contracting (including sales contracts related to Polylast's intellectual property), or transfer of any intellectual property or intellectual property rights belonging to Polylast.

11. Other Related Documentation: Documentation, regardless of the form or where it is stored, related to Polylast, the intellectual property or the Dispute.

**Effective immediately, you are required to cease and desist any and all use of Polylast's intellectual property, including but not limited to patents, trademarks, trade secrets, proprietary processes, and confidential information unless and until you can produce a licensing agreement signed by Polylast.** Your continued use of Polylast's intellectual property without authorization constitutes a violation of Polylast's rights and will compel Polylast to pursue all available legal remedies, including but not limited to injunctive relief, monetary damages, and reporting your conduct to relevant governmental authorities.

It is imperative that these documents and information are provided without further delay to ensure a fair and transparent resolution of this dispute. Failure to comply with this request and the cease and desist demand will leave Polylast no choice but to pursue legal remedies, including immediate litigation and the pursuit of sanctions for non-compliance.

Non-compliance can lead to court-ordered disclosure, potential sanctions, and significant legal liabilities.

Please be advised that a preservation letter is attached to this letter. It outlines your obligations to preserve all documents, electronic data, and tangible or intangible items relevant to this dispute. Compliance with the preservation notice is mandatory to avoid any potential legal repercussions.

Polylast reserves all rights to pursue any and all legal remedies available under the law. This letter should not be construed as a waiver of any rights or remedies, all of which are expressly reserved.

**All communications regarding this matter must be directed to Lemick Law, Ltd. Any attempt to contact our client directly will be deemed a violation of this directive and will be met with appropriate legal action.**

Please consider this letter as a formal demand for the immediate provision of the requested documents and information, and an immediate cessation of unauthorized use of Polylast's intellectual property. We believe that cooperation and transparency will facilitate a smoother resolution of this matter.

**We demand that you contact Lemick Law, Ltd. no later than the end of business on August 6, 2024. We further demand that the documents outlined above be received no later than the end of business on August 8, 2024.**

Please contact me if you have any questions or require further clarification. You may contact me via email at tlemick@lemicklaw.com or by phone at (847) 409-3988.

Your prompt attention to this matter is appreciated.

Sincerely,

*Taylor Lemick*

Taylor Lemick
Managing Partner

3

# LEMICK LAW, LTD.

TAYLOR LEMICK • ELLIOT HALSEY • STACEY LYNCH
2460 DUNDEE ROAD, SUITE 474 • NORTHBROOK, ILLINOIS 60065
847/409-3988 • TLEMICK@LEMICKLAW.COM • LEMICKLAW.COM

August 1, 2024

**SENT VIA EMAIL**

Louis Hayward and Deb Hayward
hayward141@sbcglobal.net

Re:   Immediate Preservation of Documents, Electronic Data, and Assets Related to Business Dispute

Dear Mr. Louis Hayward and Ms. Deb Hayward,

I am writing to inform you that a business dispute has arisen involving your company, Hayward Brothers, and Polylast Systems LLC ("Polylast"). In connection with this matter, it is imperative to preserve all relevant documents, information, and assets.

This letter serves as a formal request for the preservation of all documents, electronic data, tangible items, and physical assets that may pertain to this dispute. Federal and state laws require the preservation of all documents, data, and assets related to the dispute from all sources, regardless of whether it is tangible or intangible. Please ensure that the following types of information and assets are preserved:

- **Electronic Communications**: Emails, instant messages, text messages, social media posts, and other forms of electronic communication.

- **Paper Documents**: Contracts, agreements, invoices, receipts, notes, memoranda, and any other documentation related to the dispute, regardless of whether it's a physical or electronic version.

- **Electronic Data**: Data stored on computers, servers, drives, backup systems, cloud storage, and other electronic storage mediums.

- **Audio and Visual Media**: Audio recordings, videotapes, photographs, and any other electronic information created, received, or maintained.

- **Metadata**: All metadata associated with electronic documents and communications, including date stamps, author information, and revision history.

- **Financial Records**: Billing records, sales records, deposit records, payments made to third parties, purchases made related to the dispute or using funds related to the dispute, operational expenses, payroll, and all other costs, expenses, and financial data or records.

- **Physical Assets**: Machinery, equipment, and any other tangible items related to the dispute.

**What You Must Preserve**
You must preserve documents, data, and assets that mention or discuss any of the following subjects:

- Communications with any employees or representatives of Polylast, Hayward Brothers, or other third parties regarding the business dispute, Polylast, or Hayward Brothers.
- Internal communications discussing the dispute, Polylast, or Hayward Brothers, or related issues.
- Any records of negotiations, meetings, or discussions related to the dispute, Polylast, or Hayward Brothers.
- Financial records, including but not limited to:
    - Billing records
    - Sales records
    - Deposit records
    - Payments made to third parties in relation to the dispute, Polylast, or Hayward Brothers
    - Purchases made related to the dispute or using funds related to the dispute, Polylast, or Hayward Brothers
    - Operational expenses related to the dispute, Polylast, or Hayward Brothers
    - All other costs, expenses, and financial data or records related to the dispute, Polylast, or Hayward Brothers
- Machinery and equipment related to the dispute, Polylast, or Hayward Brothers. Ensure that such machinery and equipment is not removed from the property where it currently resides, sold, transferred, or otherwise disposed of until the dispute is resolved.

**Special Considerations for the Preservation of Electronically Stored Information (ESI)**
Electronically stored information (ESI) will be an important source of discovery and evidence in this matter. You must take every reasonable step to preserve relevant ESI until further notice. This includes suspending any automatic deletion or data-destruction protocols.

Typical sources of ESI include, but are not limited to:

- Computers and servers, including desktops, laptops, and home or office computers.
- Mobile devices such as smartphones and tablets.
- Network storage devices and cloud storage services.
- Backup tapes and other storage media.
- Voicemail and other voice messaging systems.

**Suspension of Document Destruction Policies**
Recipients of this letter must immediately suspend any document destruction or deletion policies related to the types of documents, data, and assets specified above. This includes any automatic deletion protocols for electronically stored information (ESI) and any regular purging of physical or digital records. This also includes suspension of the sale, transfer, removal, or other disposal of machinery and equipment.

**Additional Obligations**
Ensure that all relevant backup tapes and archived data are preserved. If any relevant data has been deleted or destroyed, please provide the details of such actions, including the reasons for the deletion or destruction and the person responsible for carrying it out. Ensure that any documents or data related to the dispute, whether created before or after the date of this notice, are preserved. This includes any drafts, revisions, or copies of relevant documents.

**Notification Requirements**
Please ensure that all employees, agents, customers, vendors, sales agents, and third parties who may have access to relevant documents, data, and assets are notified of this preservation requirement and instructed to comply fully.

<u>Failure to preserve these documents and assets may expose Hayward Brothers to legal liability, including, without limitation, patent infringement, violation of deceptive trade practices acts, fraud, and tortious interference with Polylast's business relations. Therefore, compliance with this preservation notice is mandatory and critical.</u>

Please contact me if you have any questions or need additional information. You may contact me via email at tlemick@lemicklaw.com or by phone at (847) 409-3988.

Your prompt attention to this matter is appreciated.

Sincerely,

*Taylor Lemick*

Taylor Lemick
Managing Partner

3 of 3