## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| **POLYLAST SYSTEMS, LLC** | **Civil Action No. 1:25-cv-00046** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **HAYWARD BROS INC., LOUIE HAYWARD aka LOUIS HAYWARD, DEBORAH CORNELL aka DEBORAH HAYWARD, CAMELLIA BOUTIQUE, LLC, and ASHTIN BURKEY** | |
| **Defendants.** | |

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY
## RESTRAINING ORDER AND ASSET FREEZE

Plaintiff Polylast Systems, LLC ("Polylast" or "Plaintiff"), by and through its undersigned attorneys, files this Emergency Motion for a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b), seeking immediate injunctive relief to prevent Defendants Hayward Bros Inc. (California Secretary of State File # 4140514) ("Hayward Bros"), Louie Hayward aka Louis Hayward ("Louie"), Deborah Cornell ("Deborah"), Camellia Boutique, LLC ("Camellia Boutique"), and Ashtin Burkey ("Ashtin", and together with Hayward Bros, Louie, Deborah, and Camellia Boutique, "Defendants") from engaging in ongoing fraudulent conduct, unlawful misappropriation of trade secrets, patent infringement, and deceptive business practices that are causing irreparable harm to Polylast's business, reputation, and financial stability.

## I.    <u>**INTRODUCTION**</u>

Plaintiffs filed a civil suit with this Court on January 31, 2025, asserting claims against Defendants for patent infringement, trade secret misappropriation, fraudulent business practices, and unfair competition. However, despite being put on notice of these claims, Defendants have not ceased their misconduct; rather they have escalated their fraudulent activities, further compounding the damage to Polylast and increasing the urgency for immediate injunctive relief.

However, prior to filing this lawsuit, Plaintiff took significant steps to prevent the need for litigation by issuing formal Cease and Desist letters and Preservation Notices to Defendants via certified mail, demanding that they immediately halt their illegal activities.

Upon receipt of these letters, Defendants Louie Hayward and Deborah Cornell explicitly stated that they would cease production and sale of the counterfeit Polylast-branded products. However, this was a blatant misrepresentation, as Defendants never stopped their infringing activities and, in fact, have only expanded their fraudulent operations.

Since the filing of the lawsuit Defendants have continued to manufacture, sell, and distribute counterfeit products falsely bearing the Polylast brand, leading to over $1 million in expected warranty claims against Polylast. Additionally, Defendants continue to use the Polylast name fraudulently on invoices, purchase orders, and business transactions, misleading customers, suppliers, and third-party vendors into believing that Defendants' defective products are genuine Polylast products, even going so far as to direct customers with counterfeit Polylast products to file warranty claims with Polylast.

Further, Defendants are actively exploiting Polylast's warehouse and logistics network, causing delivery drivers and customers to mistakenly arrive at Polylast's facility to pick up counterfeit Polylast-branded products. The harm caused by these deceptive practices is not only

significant but ongoing, with new instances of fraud occurring regularly, as Defendants remain undeterred by the litigation.

Moreover, there is a substantial risk that Defendants are transferring assets, bank funds, and inventory to third parties or offshore accounts in an attempt to shield themselves from liability. Given the immediacy and severity of this risk, Plaintiff seeks an emergency asset freeze to prevent Defendants from dissipating the proceeds of their fraudulent scheme before final judgment can be enforced.

Defendants' misconduct is active, deliberate, and expanding, necessitating an emergency order to immediately halt their illegal operations before further irreparable harm is inflicted upon Polylast. Unless this Court intervenes immediately, Polylast will suffer permanent economic, reputational, and competitive damage that cannot be undone.

Accordingly, Polylast respectfully requests an emergency TRO that:

1. Freezes all Defendants' bank accounts and assets to prevent them from dissipating ill-gotten funds and avoiding liability.

2. Prohibits Defendants from selling, shipping, or transferring any products falsely bearing the Polylast brand or infringing its patents or proprietary methods.

3. Bars Defendants from moving, selling, or liquidating equipment, materials, and chemicals used to produce counterfeit Polylast products.

4. Prohibits Defendants from issuing invoices, purchase orders, or conducting business using the Polylast name.

5. Immediately enjoins Defendants from accessing or using Polylast's factory warehouse or supplier networks.

6. Requires Defendants to immediately return all Polylast property in their possession, including equipment, materials, chemicals, intellectual property, and confidential information.

7. Requires Defendants to preserve all records related to the sale, manufacture, shipping, installation, movement or transfer of the counterfeit Polylast-branded products, including without limitation to customer names, contact information, and invoices; accounting records; tax filings; shipping invoices and BOLs; supplier invoices; installation records, purchase records and purchase orders; accounting of all amounts paid for counterfeit products; records of communications between Defendants and customers and/or suppliers; copies of warranty claims, service requests, and customer complaints related to counterfeit products; and all other invoices and records related to the counterfeit products.

The facts and legal principles compelling this relief are set forth below.

## II.    FACTUAL BACKGROUND

A. Polylast's Business and Intellectual Property

Polylast is a leading innovator and manufacturer in flooring and bunker liner technology, specializing in proprietary patented systems that provide superior durability, quality, and performance. Through years of research and development, Polylast has developed highly proprietary formulas, products, application methods, trade secrets, and patented technologies that have earned it a reputation as an industry leader.

As a direct result of Polylast's intellectual property and business innovations, it has secured contracts, customer loyalty, bid specifications, dealer relationships, contractor

relationships, architect relationships, distributor relationships, and supplier relationships that are now under direct attack due to Defendants' fraudulent actions.

B.  <u>Defendants' Unlawful and Deceptive Activities</u>

Since the filing of this lawsuit, Defendants have escalated their fraudulent activities rather than ceasing their misconduct. Defendants are actively engaged in a large-scale fraudulent scheme that includes:

1.  Selling Inferior Counterfeit Products: Defendants are selling substandard flooring products and bunker liner products that falsely bear the Polylast brand, resulting in over $1 million in expected warranty claims against Polylast, with more expected.

2.  Using the Polylast Name Fraudulently: Defendants continue to issue invoices, supplier orders, and business communications under the Polylast name, misleading customers, vendors, and suppliers.

3.  Misappropriating Trade Secrets: Defendants are using Polylast's proprietary chemical and product formulas, manufacturing processes, and installation processes to product competing products in direct violation of trade secret las.

4.  Exploiting Polylast's Facilities and Logistics: Delivery drivers are mistakenly arriving at Polylast's warehouse to pick up products that were falsely marketed as Polylast goods by defendant. Invoices and bills are being sent to Polylast's warehouse for equipment and products fraudulently ordered under the Polylast name by Defendants.

5.  Dissipating Financial Assets: There is substantial risk that Defendants are transferring funds to offshore accounts or third parties to evade liability.

C. <u>Ongoing and Irreparable Harm</u>

As direct consequence of Defendants' fraudulent conduct, Polylast is experiencing severe and irreparable harm, including:

- Reputational Damage: Polylast's brand is being permanently tarnished due to customers receiving defective products fraudulently marketed under its name.

- Loss of Customer Trust: Clients already have $1 million in expected warranty claims related to counterfeit Polylast products, and this number is expected to rise, placing Polylast in immediate financial jeopardy.

- Risk of Business Collapse: If Defendants continue to deceive customers, mislead suppliers, and divert business from Polylast, the long-term damage may destroy Polylast's competitive position entirely.

## III.    LEGAL STANDARD FOR A TEMPORARY RESTRAINING ORDER

To obtain a Temporary Restraining Order, a plaintiff must establish:

1. A substantial likelihood of success on the merits;

2. A substantial threat of immediate and irreparable harm;

3. That the threatened injury outweighs any damage to the defendants; and

4. That the TRO serves the public interest.

See Winter v Natural Resources Defense Counsil, Inc., 555 U.S. 7 (2008).

Additionally, an asset freeze is warranted where there is evidence that a defendant is likely to dissipate assets to frustrate judgment enforcement. See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 319 (1999).

## IV.    <u>POLYLAST IS LIKELY TO SUCCEED ON THE MERITS</u>

Polylast has overwhelming evidence supporting its claims:

- Patent Infringement: Defendants are producing and selling flooring products and bunker liner products that directly infringe upon Polylast's patents. 35 U.S.C. § 271 prohibits such unauthorized sales.

- Trade Secret Misappropriation: Defendants are illegally using Polylast's proprietary formulas in violation of the Texas Uniform Trade Secrets Act (TUTSA).

- Fraud and Deception: Defendants' conduct constitutes fraud under Texas common law and consumer deception under the Texas Deceptive Trade Practices Act (DTPA).

## V.    <u>THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR INJUNCTIVE RELIEF</u>

Defendants have no legitimate interest in continuing their fraudulent operations, and the public interest is strongly served by preventing fraud and intellectual property theft.

## VI.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Polylast Systems, LLC respectfully prays for judgment in its favor and against Defendants Hayward Bros Inc. (California Secretary of State File # 4140514), Louie Hayward aka Louis Hayward, Deborah Cornell aka Deborah Hayward, Camellia Boutique LLC, and Ashtin Burkey, and requests that this Court issue a Temporary Restraining Order that:

1. Prohibits Defendants from continuing to infringe on Polylast's patents, misappropriate Polylast's trade secrets, engage in unfair competition, and violate the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA),

2.  Freezes all Defendants' bank accounts immediately to prevent further dissipation of funds obtained through fraudulent and unlawful activities.

3.  Prohibits the sale, shipment, transfer encumbrance, or movement of all Defendants' personal and business assets.

4.  Prohibits Defendants from selling, shipping, moving, encumbering or transferring business assets, including counterfeit Polylast products, materials, chemicals, and equipment to prevent further unlawful activity.

5.  Prohibits Defendants from destroying or disposing of business and/or personal assets, including counterfeit Polylast products, materials, chemicals, and equipment to prevent further unlawful activity.

6.  Immediately halts Defendants' unauthorized use of the Polylast name, branding, and use and disclosure of all Polylast intellectual property, including all trade secrets, patents, and proprietary business information.

7.  Requires Defendants to return all of Polylast's proprietary information, including trade secrets, formulas, and confidential business information, and to account for all profits derived from its unauthorized use.

8.  Requires Defendants to return all of Polylast's property in their possession, regardless of whether physical or electronic, including without limitation to counterfeit materials produced using Polylast materials, chemicals, or equipment.

9.  Requires Defendants to preserve all records related to the sale, manufacture, shipping, installation, movement or transfer of the counterfeit Polylast-branded products, including without limitation to customer names, contact information, and invoices; accounting records; tax filings; shipping invoices and BOLs; supplier invoices; installation records,

8

purchase records and purchase orders; accounting of all amounts paid for counterfeit

products; records of communications between Defendants and customers and/or

suppliers; copies of warranty claims, service requests, and customer complaints related to

counterfeit products; and all other invoices and records related to the counterfeit

products.

10. Awards Polylast its reasonable attorney's fees and costs incurred in bringing this action,

including fees incurred due to Defendants' willful infringement, fraudulent conduct, and

bad-faith litigation tactics.

11. Grants any such other and further relief as the Court deems just, equitable, and necessary

to prevent further harm to Polylast and its customers.

Polylast further requests that the Defendants arrange for all above Polylast property to be

returned to its Texas facility at 601 Airport Rd, Coleman, TX 76834. Polylast further requests

that the Court set a preliminary injunction hearing at the earliest possible date to ensure

protection of its intellectual property rights, financial interests, and business reputation.

Respectfully Submitted,

MEHAFFY WEBER, P.C.

By:_____

    M. C. CARRINGTON, Of Counsel
    State Bar No. 03880800
    mccarrington@mehaffyweber.com
    MICHELE Y. SMITH
    State Bar No. 00785296
    MicheleSmith@mehaffyweber.com
    WILLIAM THORNE
    State Bar No. 24102569
    williamthorne@mehaffyweber.com

2615 Calder St., Suite 800
Post Office Box 16
Beaumont, TX  77704-0016
Telephone:  409/835-5011
Fax:  409/835-5177

**COUNSEL FOR PLAINTIFF, POLYLAST SYSTEMS, LLC**