IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **POLYLAST SYSTEMS, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**HAYWARD BROS INC., LOUIE HAYWARD aka LOUIS HAYWARD, DEBORAH CORNELL aka DEBORAH HAYWARD, CAMELLIA BOUTIQUE, LLC, and ASHTIN BURKEY**<br><br>**Defendants.** | Civil Action No. 1:25-cv-00046<br><br>**JURY TRIAL DEMANDED** |

## **TEMPORARY RESTRAINING ORDER AND ORDER FREEZING ASSETS**

Before the Court is Plaintiff Polylast Systems, LLC's ("Polylast" or "Plaintiff") Emergency Motion for a Temporary Restraining Order ("TRO") and Asset Freeze against Defendants Hayward Bros Inc. (Secretary of State File # 4140514) ("Hayward Bros"), Louie Hayward aka Louis Hayward ("Louie"), Deborah Cornell ("Deborah"), Camellia Boutique, LLC ("Camellia Boutique"), and Ashtin Burkey ("Ashtin", and together with Hayward Bros, Louie, Deborah, and Camellia Boutique, "Defendants").

Having considered the motion, supporting evidence, and applicable law, and finding that immediate and irreparable harm will result if this Order is not granted, the Court makes the following findings and orders:

The Court finds that Plaintiff has met its burden under the Federal Rule of Civil Procedure 65(b) and the standard set forth in Winter v. Natural Resources Defense Council, Inc,, 555 U.S. 7 (2008), which requires Plaintiff to establish:

I. A substantial likelihood of success on the merits;

II. A substantial threat of irreparable harm if the injunction is not granted;

III. That the balance of hardships weighs in favor of Plaintiff; and

IV. That granting the TYRO is in the public interest.

The Court further finds that there is a substantial risk that Defendants will dissipate assets, transfer funds offshore, or otherwise attempt to evade liability, necessitating an immediate asset freeze. The Court also finds that the Plaintiff will suffer immediate, irreparable harm without a TRO, as monetary damages alone cannot repair the reputational and financial damage caused by Defendants' fraudulent business practices.

Accordingly, the Court hereby GRANTS Plaintiff's Motion for a Temporary Restraining Order and Asset Freeze.

**IT IS HEREBY ORDERED THAT:**

1. PROHIBITED CONDUCT

Effective immediately, Defendants, their officers, agents, employees, representatives, and all persons acting in concert or participation with them are hereby RESTRAINED AND ENJOINED from:

a) Manufacturing, selling, offering for sale, distributing, marketing, or promoting any products falsely bearing the Polylast name, trademarks, or patents, or products manufactured with use of Polylast's intellectual property or proprietary methods.

b) Using Polylast's intellectual property, including trade secrets, proprietary formulas, manufacturing processes, and confidential business information, in any form.

c) Issuing invoices, purchase orders, or conducting business transactions using the Polylast name or any confusingly similar designation.

d) Communicating with Polylast's customers, suppliers, or distributors in a manner that misrepresents any affiliation with Polylast.

e) Destroying, concealing, or otherwise altering financial records, invoices, communications, or evidence related to counterfeit Polylast-branded products.

2. ASSET FREEZE

The Court finds that an asset freeze is necessary to prevent the dissipation of funds obtained through Defendants' fraudulent conduct. Accordingly, it is ORDERED THAT:

a) All bank accounts, investment accounts, and financial holdings in the names of Defendants, whether held individually or through a corporate entity, are hereby FROZEN.

b) Defendants are prohibited from transferring, withdrawing, concealing, dissipating, or otherwise disposing of any assets, whether tangible or intangible, that are traceable to the sale of counterfeit Polylast-branded products.

c) Any third-party financial institutions holding funds on behalf of Defendants shall immediately place a hold on said accounts, pending further order of this Court.

3. PRESERVATION REQUIREMENTS

Defendants shall provide preserve all records related to the sale, manufacture, shipping, installation, movement or transfer of the counterfeit Polylast-branded products, including without limitation to customer names, contact information, and invoices; accounting records; tax filings; shipping invoices and BOLs; supplier invoices; installation records, purchase records and purchase orders; accounting of all amounts paid for counterfeit products; records of communications between Defendants and customers and/or suppliers; copies of warranty claims, service requests, and customer complaints related to counterfeit products; and all other invoices and records related to the counterfeit products.

4. ATTORNEY'S FEES & SANCTIONS

Defendants shall reimburse Plaintiff for reasonable attorney's fees and litigation costs incurred in bringing this motion.

5. ENFORCEMENT & HEARING DATE

This Temporary Restraining Order shall remain in effect until further order of the Court or the conclusion of a hearing on Plaintiff's Motion for Preliminary Injunction.

Defendants shall appear before this Court on _____ to show cause why a preliminary injunction should not be entered. Plaintiff shall serve Defendants with this Order, the Motion, and all supporting documents immediately.